UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GARY SMITH and DIANA SMITH,

   Plaintiffs,

 v.

COTTRELL, INC., AUTO HANDLING
CORPORATION, JACK COOPER
TRANSPORT CO. and ROGER OWENS,

   Defendants.

Case No. 11-cv-1112-JPG-SCW

## MEMORANDUM AND ORDER

In light of Seventh Circuit admonitions, *see*, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defect in the jurisdictional allegations of the Notice of Removal (Doc. 2) filed by defendant Cottrell, Inc.:

- **Failure to allege a federal question under 28 U.S.C. § 1331.** The Complaint does not allege any cause of action arising under the Constitution, laws or treaties of the United States.

This case arose after plaintiff Gary Smith, an employee of Jack Cooper Transport Company ("Jack Cooper"), was injured while on a tractor-trailer rig designed and distributed by defendant Cottrell. The complaint in this case alleges state law causes of action under theories of strict products liability, negligence, breach of warranty and/or spoliation of evidence.[1]

---

[1] The theories set forth in this order are those pled in the Smiths' amended complaint. The Court has been unable to locate any more recent pleading in the 749 pages Cottrell has dumped into the Court's file as Exhibit A to its notice of removal. Rather than attaching "a copy of all *process, pleadings, and orders*," 28 U.S.C. § 1446(a) (emphasis added), with which it has been served, Cottrell appears to have attached the entire case file, in no particular order, with no index and with multiple duplicate documents. The Court is not obligated to "try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d

Plaintiff Diana Smith brings a claim for loss of the support and services of her husband Gary. Cottrell argues that these claims are, in reality, claims under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). This is so, Cottrell argues, because the plaintiffs allege their injuries stemmed from the defendants' conduct in relation to an area covered generally by the collective bargaining agreement ("CBA") between Gary Smith's union and Jack Cooper – the equipment an employer will provide for its employees. Apparently, the CBA did not mandate an employer to provide the equipment with characteristics the Smiths say the equipment should have possessed, although the requirement was considered by the negotiators.

It is true that a state law claim is preempted and may be removed to federal court where:

> a federal statute wholly displaces the state-law cause of action through complete pre-emption. When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that "arises under" federal law to be removed to federal court.

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (footnote omitted). However, where a state law claim does not come within the scope of the federal cause of action, there is no complete preemption.

In this case, the state law claims pled by the plaintiffs are not completely preempted by § 301 of the LMRA, 29 U.S.C. § 185(a). That statute provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

---

374, 378 (7th Cir. 2003).

29 U.S.C. § 185(a). It has long been established that state law causes of action that involve interpretation of a CBA are completely preempted by § 301 of the LMRA. *United Steelworkers of Am. v. Rawson*, 495 U.S. 362, 368-69 (1990). A state law cause of action completely preempted by § 301 of the LMRA need not be for breach of contract, but it must be "inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985). A claim is not completely preempted if it simply "relates in some way to a provision in a collective-bargaining agreement, or more generally to the parties to such an agreement." *Id.* at 220.

Adjudication of the plaintiffs' claims in this case does not require interpretation of the CBA between Gary Smith's union and Jack Cooper. The CBA specifies what equipment Jack Cooper is obligated to provide to Gary Smith; Cottrell is not a party to the CBA and therefore has no obligations under it. It designs and manufactures equipment irrespective of any CBA terms, albeit likely with an eye to being marketable to entities bound by CBAs.[2] It is Jack Cooper that makes the independent decision whether to provide Cottrell equipment to its employees. However, what Jack Cooper's duty under the CBA was and whether it complied with that duty are not questions in this case. In fact, Jack Cooper is only involved in this case as a defendant in a spoliation of evidence claim, which has nothing to do with the CBA. The other aspects of this case focus on the duty to produce a safe product that any product designer and manufacturer owes any member of the public as a matter of state law. The terms of the CBA

---

[2]The defendants' citation of *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), is inapposite. That case involved the Federal Tort Claims Act and an independent contractor's liability for products manufactured to government specifications. The "uniquely federal concerns" present in that case – "obligations to and rights of the United States under its contracts," *id.* at 504, and "the civil liability of federal officials for actions taken in the course of their duty," *id.* at 505 – are not present in this case, which involves only private entities.

3

have nothing to do with resolving those issues.

For the foregoing reasons, the Court **REMANDS** this case to the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**DATED:  January 9, 2012**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**